This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BARRIE DERRINGER,**

    Petitioner-Appellee,

v.                                                    **NO. 32,982**

**DAVID DERRINGER,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Ann Hadfield, District Judge**

Alain Jackson
Albuquerque, NM

for Appellee

David Derringer
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    Respondent appeals from a district court order sanctioning him for violations of an earlier order of protection issued by that court. We issued a calendar notice

proposing to affirm, and Respondent has filed a memorandum in opposition. We are not persuaded by Respondent's arguments and affirm.

{2}    A significant portion of Respondent's memorandum is devoted to accusations against the judiciary consisting of allegations of bribery, corruption, drug trafficking, conspiracy, and "judicial terrorism." As we have previously stated, these accusations are totally inappropriate in a pleading filed with this Court or any court, and we therefore refuse to consider any portion of the memorandum in opposition containing such allegations. In addition, Respondent has raised arguments, such as lack of jurisdiction, that we have previously addressed in other orders or opinions, and we refuse to address those arguments yet again in this opinion.

{3}    In "Paragraph C" of the memorandum, [MIO 9] Respondent continues to argue that he was subjected to a criminal prosecution when he was sentenced to thirty days in jail, with the sentence suspended on condition that he refrain from further violations of the order of protection.  Respondent maintains he should have received the protections afforded to a criminal defendant, and was deprived of those protections in violation of his right to due process. As we pointed out in the calendar notice, however, Respondent was not held in criminal contempt or prosecuted for a violation of criminal laws. Instead, the contempt order entered in this case is civil in nature because Respondent has the ability to avoid incarceration by obeying the order of

protection in the future. *See Concha v. Sanchez*, 2011-NMSC-031, ¶¶ 25-26, 150 N.M. 268, 258 P.3d 1060; *Rhodes v. State ex rel. Bliss*, 1954-NMSC-085, ¶¶ 19, 23, 58 N.M. 579, 273 P.2d 852. As we also discussed in the calendar notice, Respondent received the process to which he was entitled in a civil-contempt case -- notice and an opportunity to be heard. *See Concha*, 2011-NMSC-031, ¶ 25. We therefore reject this argument.

{4}	Respondent also renews his First Amendment arguments concerning the district court's orders that required him to remove certain material from the Internet. Respondent contends broadly that "[t]he New Mexico courts have no jurisdiction over the World Wide Web Internet" and have no power "to order any action or non-action against [Respondent] regarding use of the Internet." [MIO 25] This is simply not a true statement of the law. The mere fact that speech occurs on the Internet rather than in some other form does not deprive courts of authority to restrict such speech, as long as the restrictions comport with the requirements of the First Amendment. *See Kimbrell v. Kimbrell,* 2013-NMCA-070, ¶ 38, 306 P.3d 495.

{5}	As we explained in the calendar notice, the name of Respondent's blog is not protected by the First Amendment at all, because it mis-identifies the name of the creator of the blog. Similarly, the appearance of Petitioner's picture on the blog that bears her name is entitled to no First Amendment protection because it also gives the

impression that Petitioner is affiliated with the blog that bears her name. The only other item addressed by the district court is the preamble to the blog, the content of which does seem to be entitled to a certain amount of protection under the First Amendment. However, as we discussed in the calendar notice, the statement in the preamble relates to a matter of purely private concern. In addition, and more importantly, the statement can be construed as an attempt to communicate with Petitioner in violation of the order of protection, and the district court did so construe it. Therefore, the order requiring Respondent to remove the statement does not regulate the content of the statement, but the act of attempting to contact Petitioner. Such an order does not implicate the First Amendment and the district court did not err in ordering Respondent to remove the statement.

{6}     We note Respondent's arguments that he is entitled to post on the Internet pleadings from his divorce case and other cases, as well as his opinions about the corrupt nature of the judiciary. We agree; however, the district court's order does not preclude Respondent from doing any of this. He remains free to express his opinions and post pleadings on the Internet. But he may not do so on a blog mis-named with Petitioner's name in the title, or bearing Petitioner's picture in a manner that suggests she has a role in creating or maintaining the blog. He also must remove from his blog the one statement in the preamble that appears to be an attempt to directly

4

communicate with Petitioner. We hold that these narrow restrictions on Respondent's use of the Internet do not violate the First Amendment.

{7}     Based on the foregoing, we affirm the sanctions order issued by the district court in this case.

{8}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**TIMOTHY L. GARCIA, Judge**